**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4490-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROGER HOWARD,

     Defendant-Appellant.

_____

Submitted November 9, 2020 – Decided December 11, 2020

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-07-1891.

Joseph E. Krakora, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Lafferty, IV, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Roger Howard appeals the March 19, 2019 Law Division order denying his petition for post-trial conviction relief (PCR) without an evidentiary hearing. For reasons that follow, we vacate a portion of the order and remand on two issues: 1) for an evidentiary hearing on whether counsel provided ineffective assistance of counsel by not questioning witnesses about a segment of surveillance videotape, and 2) for the PCR court to address defendant's ineffective assistance of counsel claims raised in his February 19, 2019 pro se supplement to the amended PCR petition. We affirm the March 19, 2019 order on all other issues.

I.

We glean the facts from our prior opinion. See State v. Howard, No. A-5705-13 (App. Div. Mar. 1, 2017).

> In October 2012, cousins A.T. and Q.D. were walking on New York Avenue in Atlantic City with three other friends on their way to Q.D.'s house a few blocks away. The group stopped at a convenience store called "501" and went in. While in the store, A.T. was approached by a person dressed in a dark-colored hoodie with a mask of some type pulled down around his neck, and asked A.T., who was wearing "Obsidian Jordan 12" sneakers, about the size of his shoes. A.T., who wore a size thirteen sneaker, said the sneakers were size eight. After that person left the store, A.T. peeked outside to see if the person was gone and, being satisfied, the group left.

A-4490-18T1

Once outside, they proceeded toward Q.D.'s house, but three members of the group crossed to the other side of the street, leaving A.T. and Q.D. together. Shortly thereafter, A.T. and Q.D. were accosted from the shadows of a dark alleyway by an individual holding a gun in his hand and wearing a mask. After instructing A.T. to go into the alleyway, the assailant addressed Q.D. with his childhood name, and told Q.D. that he could leave. When A.T. would not go into the alley and started to back away from the assailant, and Q.D. would not leave his cousin, the assailant told them to run and as A.T. and Q.D. did so, the assailant started shooting. One bullet struck A.T. in the left leg and a second shot stuck him in the right leg, breaking his femur and incapacitating him. The assailant shot Q.D. in the leg as well, but Q.D. was able to continue running for a short distance. With A.T. incapacitated, the assailant approached him, laid the gun down between A.T.'s legs, took his sneakers, rifled through his pockets and then left with the gun.

Ten shell casings were found by the police in three different locations at the scene of the attack. A surveillance video from the convenience store showed the exchange between A.T. and the suspect, although there was no audio.

A.T. and Q.D. told the police, both at the scene and again at the hospital, that they could not identify who shot them. It was not until later when a second photo array was shown to A.T. that he identified defendant as the shooter. Q.D. testified that defendant came to his home several days after the shooting and denied that he was the shooter, apparently to counter word on the street to the contrary. Although Q.D. would not initially identify defendant as his attacker, he ultimately did so based on a photo array. Both victims were

3

familiar with defendant. A.T. went to high school with him and Q.D. played football with him when they were younger. The victims both expressed they were initially fearful of identifying their assailant.

[Id., slip op. at 2-4.]

Defendant was indicted in 2013 on charges including: first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1), (2) (counts one and two); first-degree robbery, N.J.S.A. 2C:15-1 (counts three and four); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (counts five and six); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count seven), second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a) (counts eight and nine); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7) (counts ten and eleven), fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (counts twelve and thirteen), and fourth-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7 (count fourteen). Counts four and nine were dismissed before trial. Defendant was convicted of the remaining counts. His motion for a new trial was denied.

Defendant was sentenced to a nineteen-year term under count one subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, a consecutive eighteen-year term under count two subject to NERA and a consecutive eighteen-month term under count fourteen. The remaining counts were merged.

4

We affirmed his convictions and sentence. Id. (slip op. at 2). The New Jersey Supreme Court denied certification. State v. Howard, 230 N.J. 551 (2017).

Defendant filed a PCR petition on March 12, 2018 contending ineffective assistance of his trial counsel for not conducting a pre-trial investigation about A.T.'s knowledge of firearms. Assigned counsel filed an amended petition in December 2018 raising multiple issues of ineffective assistance. The amended petition alleged that defendant's trial attorney was ineffective for not advising him to take a twelve-year plea offer, and for not discussing the strengths and weaknesses of his case or his maximum sentence exposure. Defendant rejected the plea offer but now claims he would have taken it. His mother and father certified that defendant was willing to accept the offer.

Defendant claimed his trial counsel failed to speak with 501 store employees who saw him go into the store later that night wearing a blue, green and white sweatshirt and hat, not a dark colored hoodie with a Champion logo. His counsel did not ask defense witnesses about the portion of the surveillance video that showed this or ask to have that part of the tape introduced as evidence.

The amended PCR petition alleged that defendant's youth should have been considered at sentencing, that defense counsel's questioning violated State

v. Bankston, 63 N.J. 263 (1973), that he did not investigate the criminal history of the lead detective and was ineffective at sentencing. Appellate counsel did not raise an issue about prosecutorial misconduct. Defendant requested an evidentiary hearing. He also submitted an unsigned and undated certification in support of the amended PCR where he "retract[ed] any claims of innocence."

On February 19, 2019, defendant filed a "Supplemental Addendum in Support of P.C.R. Petition" raising that the trial court erred by not charging aggravated assault with a weapon as a lesser included offense and that his trial counsel was ineffective by not objecting to the term "and/or" in the jury charge and verdict sheet.

The PCR court denied the petition. The court noted defendant did not provide support for his claim that counsel did not adequately discuss the strengths and weaknesses of his case or counsel him adequately about the plea offer. Defendant was not prejudiced by this because he maintained that he was innocent of the charges. The PCR court rejected defendant's claim under Bankston because it should have been raised in the direct appeal and because the detective's testimony was not improper. The PCR court found the surveillance film likely was not introduced as evidence due to trial strategy and that did not prejudice defendant. Information about the detective's criminal

6

history was based on an article published four years after defendant's trial and was not relevant to counsel's performance during trial. The PCR court rejected defendant's claim that appellate counsel should have raised issues about prosecutorial misconduct. The court found that defendant's claims about his sentence were barred under Rule 3:22-5 because both his conviction and sentence had been affirmed. Howard, slip op. at 2. Defendant was not a juvenile when these offenses were committed, making the cases cited regarding juvenile offenders inapplicable. The PCR court denied defendant's request for an evidentiary hearing because he had not shown a prima facie case for PCR relief.

On appeal, defendant's counsel raises these arguments:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION WITHOUT AN EVIDENTIARY HEARING WHERE IT BASED ITS DECISION SOLELY ON DEFENDANT'S REPEATED DECLARATIONS OF INNOCENCE AND WHERE IT DID NOT MAKE ANY FACTUAL FINDINGS INVOLVING THE ATTORNEY-CLIENT DISCUSSIONS ABOUT THE STRENGTHS AND WEAKNESSES OF THE CASE.
>
> A. The performance of defendant's trial attorney was deficient where he did not review with defendant the strengths and weaknesses of the case before defendant rejected the formal plea offer.

A-4490-18T1

B.      But for the failure of defendant's trial attorney to explain to defendant the strengths and weaknesses of the facts of his case, defendant was prejudiced because he would not have rejected the State's plea offer.

C.      The PCR court erred where it found that defendant did not establish a prima facie case which warranted an evidentiary hearing.

POINT TWO

THE PCR COURT ERRED WHERE ITS REJECTION OF DEFENDANT'S CLAIM THAT HIS TRIAL ATTORNEY'S FAILURE TO INTRODUCE INTO EVIDENCE PERTINENT VIDEO FOOTAGE WAS BASED ON PURE SPECULATION THAT THE ATTORNEY'S DECISION WAS STRATEGIC.

POINT THREE

THE PCR COURT'S DENIAL OF DEFENDANT'S PETITION SHOULD BE REVERSED IN ORDER TO CONDUCT AN EVIDENTIARY HEARING ON HIS APPELLATE COUNSEL'S DECISION TO NOT ADDRESS THE PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENT INVOLVING INFERENCES ABOUT DEFENDANT'S PRE-ARREST SILENCE.

POINT FOUR

THE PCR COURT ERRED WHERE IT DETERMINED THAT THE BANKSTON ISSUE WAS BARRED PROCEDURALLY.

POINT FIVE

A-4490-18T1

THE PCR COURT'S FAILURE TO ADDRESS THE ISSUES RAISED BY DEFENDANT IN HIS PRO SE BRIEF REQUIRES A REMAND FOR REVIEW.

Defendant filed a pro se brief in which he argues:

POINT ONE

BECAUSE OF THE INEFFECTIVE ASSISTANCE OF PCR COUNSEL, THE FAILURE OF THE PCR COURT TO ADDRESS THE DEFENDANT'S PCR CLAIMS SUPPORTED BY CERTIFICATIONS, AND FAILURE TO ORDER AN EVIDENTIARY HEARING CONTRAVENES PRECEDENT SET FORTH IN STATE V. PORTER, 216 N.J. 343 (2013), THEREFORE THE ORDER DENYING RELIEF SHOULD BE REVERSED.

II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42 (1987). In order to prevail on an ineffective assistance of counsel claim, defendant must meet a two-prong test by establishing that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694. Our review of the PCR court's findings of fact is deferential. State v. Pierre, 223 N.J. 560, 576 (2015). We "uphold the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013). The PCR court's interpretation of the law and legal conclusions are reviewed de novo. Id. at 540-41.

Defendant is entitled to an evidentiary hearing on a PCR petition if he or she establishes a prima facie case in support of PCR. To establish a prima facie case, a defendant must demonstrate a "reasonable likelihood of succeeding under the test set forth in Strickland . . . ." State v. Preciose, 129 N.J. 451, 463 (1992).

## A.

Defendant claims his trial counsel was ineffective by not reviewing the strengths and weaknesses of the case before defendant rejected the plea offer. He argues that even if he did maintain his innocence, counsel still needed to review the pros and cons with him. He claims he was prejudiced because he would not have rejected the plea offer.

A-4490-18T1

When a defendant's ineffective assistance of counsel claim is based on the rejection of a plea bargain due to the advice of counsel, the defendant

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.
>
> [Lafler v. Cooper, 566 U.S. 156, 164 (2012).]

Our Supreme Court has held that a defendant may not enter a plea of guilty while maintaining his innocence. State v. Taccetta, 200 N.J. 183, 195-96 (2009). The court reasoned that doing so would be tantamount to perjury, and that "[c]ourt-sanctioned perjury is not a permissible basis for the entry of a plea in this State." Ibid.

We agree with the PCR court that defendant has not satisfied either prong of Strickland on this issue. It is not sufficient merely to allege baldly that his counsel should have talked with him more about the merits and drawbacks of his defense. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (providing that a PCR petitioner "must allege facts sufficient to demonstrate counsel's substandard performance."). Defendant's certifications provided no

11

specifics about what he and his counsel discussed, what counsel should have discussed, or what he did or did not understand. This was not sufficient to show constitutionally deficient performance by his trial counsel.

Defendant asserts the discussions with counsel were not adequate because he rejected the plea offer resulting in prejudice. However, defendant consistently maintained his innocence of the charges. During his sentencing, he told the court he was innocent. "I believe I was an innocent person in this case and you all still found your way to manage to convict me on something I necessarily really didn't do like." He maintained this in his PCR certification. In this appeal, he is arguing that the additional video tape will support his claim of innocence. Indeed, his counsel has asked for a new trial.[1]

Whether counsel discussed the pros and cons of his case in a level of detail required to meet constitutional performance standards does not equate to prejudice where defendant maintained his innocence and could not have pleaded guilty without committing perjury. See Taccetta, 200 N.J. at 194.

---

[1] Defendant's undated and unsigned certification to the PCR court that "I retract any claims of innocence" is not consistent with this.

A-4490-18T1

B.

Defendant contends his counsel provided ineffective assistance by not asking to introduce a portion of the surveillance video tape from the 501 store during the trial. Defendant argues that had the later portion of the surveillance footage been entered into evidence, it would have corroborated the testimony of defense witnesses who testified that defendant was wearing a white, green, and blue hoodie with a zipper the night of the shooting, and not the gray Champion hoodie that the shooter was described to have been wearing. He claims the PCR court erred by determining that counsel's decision not to use this portion of the tape was trial strategy. Counsel asked for the entire tape to be admitted but this was after the charge and deliberations began. The full tape was not shown to the jury.

The PCR court concluded based on the State's argument that not using witnesses to introduce this portion of the surveillance video was trial strategy. The PCR court observed:

> It is possible counsel did not wish to further highlight the video, as it was a particularly damaging piece of evidence against his client and he may have believed the risks outweighed the possible rewards. Although defendant's witnesses identified defendant as the second male on the video, there were no neutral third-party witnesses to support those claims. Additionally, had that portion of the video been discussed, the State

13

could have argued defendant had ample time to change his clothes as he lived nearby. Moreover, the State could have used that portion of the video to suggest defendant purposely went home, changed his clothes, and then came back to the store in order to try to establish his own alibi. Therefore, it is possible counsel anticipated such an outcome and decided against opening the door for the State to make such an argument.

Where counsel has "thoroughly investigate[d] law and facts, considering all possible options, his or her trial strategy is 'virtually unchallengeable.'" State v. Savage, 120 N.J. 594, 617 (1990) (quoting Strickland, 466 U.S. at 690-91). However, "strategy decisions made after less than complete investigation are subject to closer scrutiny." Ibid. Perhaps attempting to admit the tape at the end was part of counsel's strategy, but none of that can be gleaned from the record. What is in the record is that when counsel seemed to realize the tape was not part of the evidence, he made an attempt to include it but this was after the charge to the jury when it already had commenced deliberations. Much earlier in the trial, the parties had marked a condensed version of the tape that was shown to the jury separately from the complete tape. Defense counsel did not question witnesses about the longer version. Whether something changed in the strategy or whether counsel realized an error was made cannot be ascertained on this record. We are satisfied that the answer to whether this was

14

trial strategy lies outside the current record and that an evidentiary hearing is necessary to resolve whether it was a deliberate strategic choice not to have the footage admitted into evidence, or a failure to meet the standard of "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688.

To show prejudice, defendant has to show that a reasonable probability exists that the result of the proceeding would be different. State v. Castagna, 187 N.J. 293, 315 (2006). Arguably, this portion of the video could have been used to challenge the State's theories. This satisfied the second prong of Strickland.

## C.

Defendant contends his appellate counsel did not address the prosecutor's alleged misconduct during his closing argument. Defendant alleges the prosecutor equated defendant's silence after the shootings and before his arrest as evidence of guilt.

Although defendant is entitled to the effective assistance of appellate counsel, "appellate counsel does not have a constitutional duty to raise every non[-]frivolous issue requested by the defendant." State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citing Jones v. Barnes, 463 U.S. 745, 754

A-4490-18T1

(1983)); see also State v. Gaither, 396 N.J. Super. 508, 516 (App. Div. 2007) (holding that appellate counsel is not "required to advance every claim insisted upon by a client on appeal").

The prosecutor's comments were made about defendant's failure to turn himself in prior to contact with the police. This is not prohibited by State v. Muhammad, 182 N.J. 551, 569 (2005), which provides that a prosecutor may not comment on "a defendant's silence when it arises 'at or near' the time of arrest, during official interrogation, or while in police custody." Muhammad explained the "in circumstances not involving official interrogation or a custodial setting, silence significantly preceding arrest is admissible if 'it generates an inference of consciousness of guilt that bears on the credibility of the defendant when measured against the defendant's apparent exculpatory testimony.'" Id. at 572 (quoting State v. Brown, 118 N.J. 595, 615 (1990)). Defendant did not show that appellate counsel provided ineffective assistance where there was not a reasonable probability the claim of prosecutorial misconduct would have satisfied Muhammad.

D.

Defendant alleges the PCR court erred by ruling that his claim under Bankston was procedurally barred. 63 N.J. at 263. Bankston "makes clear that

both the Confrontation Clause and the hearsay rule are violated when, at trial, a police officer conveys, directly or by inference, information from a non-testifying declarant to incriminate the defendant in the crime charged." State v. Branch, 182 N.J. 338, 350 (2005). At trial one of the officer's testified "I do not know that it was learned through the relatives of the victims that they knew who robbed them and shot them, and the name Roger Howard came up." When asked how the relatives would know this, the officer said "They told their family members what happened to them." We agree with the PCR court this issue could have been raised previously and now is barred by Rule 3:22-4(a). However, even if it were below standard for trial counsel not to make a Bankston objection, there was no prejudice in this case where there was testimony at trial from the victims that defendant shot them.

E.

Defendant argues the PCR court should have addressed issues raised by him in his pro se supplement to the amended PCR petition and that a remand is needed to address them. The State concedes that a remand is needed for the PCR court to address the ineffective assistance of counsel issues that were raised. We remand these issues.

Affirmed in part; vacated and remanded in part for the PCR court to address the defendant's pro se supplement to the amended PCR petition dated February 19, 2019, and for an evidentiary hearing regarding defendant's ineffective assistance claim on the issue of the surveillance video tape. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION